IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00709-REB-MEH

AMY ESPINOZA,
ELSA MARTINEZ,
KAREN CARR,
BRIAN PHIPPS, and
GARY EHRHART,

       Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
ULLRICH ATZBACH,
JODI SARNTEE AGENCY, INC., and
JODI SARNTEE,

       Defendants.

---

## ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT TO INCLUDE CLAIMS FOR PUNITIVE DAMAGES

---

Before the Court is Plaintiffs' Motion for Leave to Amend Complaint to Include Claims for Punitive Damages ("Motion to Amend") [filed July 15, 2008; docket #45]. The motion has been referred to this Court for disposition [docket #46]. Defendants have filed their respective responses [dockets #51 & 52] and Plaintiffs have replied [docket #55]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Amend.

## I.    Background

Plaintiffs were insured against automobile accidents with Defendant American Family Mutual Insurance Co. ("American Family"), were subsequently involved in automobile accidents, and filed for benefits from American Family for injuries sustained as a result of the accidents. Plaintiffs allege claims of breach of insurance contract, willful and wanton statutory bad faith,

breach of the implied covenant of good faith and fair dealing, violations of the Colorado Unfair Claims Practices Act and Colorado Consumer Protection Act, fraudulent concealment, misrepresentation, and civil conspiracy against American Family. Plaintiffs' First Amended Complaint indicates Plaintiffs seek declaratory relief, damages for breach of contract, statutory damages, pre-judgment interest, compensatory damages, consequential damages, and costs.

Plaintiffs' Motion to Amend proposes to add the terms "and for punitive damages" to the end of paragraph three of the prayer for relief listed in Plaintiffs' First Amended Complaint. Paragraph three refers to damages against American Family only, excluding the other named Defendants. Plaintiffs support this Motion with Colo. Rev. Stat. § 13-21-102(1.5)(a), which prohibits the inclusion of a claim for punitive or exemplary damages in the initial claim for relief, and allows exemplary damages to be claimed by amendment only after the exchange of initial disclosures and after a plaintiff establishes "prima facie proof of a triable issue." Plaintiffs contend discovery thus far in this matter implicates a "clear basis for seeking punitive damages," thereby satisfying the statutory requirement of prima facie proof of a triable issue.

In opposition, Defendants state that the Motion to Amend is based on broad generalities on behalf of each Plaintiff against American Family and does not establish prima facie proof of a triable issue of exemplary damages. Plaintiffs' reply reiterates a listing of evidence supporting a finding that Plaintiffs have established prima facie proof of a triable issue, therefore justifying an amendment to their complaint to include exemplary damages.

## II.    Discussion

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *See Foman v.*

*Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

In accordance with Colo. Rev. Stat. § 13-21-102(1.5)(a), it is the discovery process, not the initial complaint, that is anticipated to supply the requisite prima facie evidence. *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). Plaintiffs have provided prima facie proof of a triable issue of exemplary damages through the material submitted with the Motion to Amend and the Reply in support of the Motion to Amend, including an email from November 2000 stating American Family acknowledging it violated relevant state law in this matter; a 2001 Market Conduct Examination finding American Family to be non-compliant with relevant state law in this matter; and expert deposition testimony stating American Family was in violation of relevant state law in this matter.

The Court emphasizes this order does not address the merits of awarding exemplary damages in this case, but limits the order to recognizing that the issue of exemplary damages can properly be included in the pleadings at this point, therefore permitting Plaintiffs to amend their First Amended Complaint. Because Plaintiffs will be filing a Second Amended Complaint, the Court directs that Plaintiffs include in their Second Amended Complaint substantive allegations of conduct supporting a prima facie claim for exemplary damages.

**III.  Conclusion**

Accordingly, for the reasons stated, it is hereby ORDERED that the Plaintiffs' Motion for Leave to Amend Complaint to Include Claims for Punitive Damages [filed July 15, 2008; docket #45] is **granted**.  Plaintiffs are directed to file a Second Amended Complaint consistent with this Order on or before **September 8, 2008**.

Dated this 28th day of August, 2008 in Denver, Colorado.

BY THE COURT:

  s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge