# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 08-cv-00709-REB-MEH

AMY ESPINOZA,
ELSA MARTINEZ,
KAREN CARR,
BRIAN PHIPPS, and
GARY EHRHART,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
ULLRICH ATZBACH,
JODI SARNTEE AGENCY, INC., and
JODI SARNTEE,

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**Blackburn, J.**

The matter before me is **Plaintiffs' Motion To Remand to State Court and Motion for Sanctions Including Costs and Attorney Fees Pursuant to F.R.C.P. 11 for Groundless Removal to Federal District Court** [#14], filed April 15, 2008.  I grant the motion.

## I.  JURISDICTION

I putatively have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district

court if it is one of which the district court would have had original jurisdiction. Where the basis of removal is allegedly diversity of citizenship, therefore, the parties must be completely diverse and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. These facts "must be affirmatively established on the face of either the petition or the removal notice." **Laughlin v. Kmart Corp.**, 50 F.3d 871, 873 (10th Cir. 1995). Because plaintiffs' complaint does not recite a specific dollar amount of recovery sought, the burden is on defendants to establish by a preponderance of the evidence that the jurisdictional minimum is satisfied. **Martin v. Franklin Capital Corp.**, 251 F.3d 1284, 1290 (10th Cir. 2001).

### III. ANALYSIS

Both the procedural facts and legal issues presented in this case parallel those I recently considered in **Hill et al. v. American Family Mutual Insurance Co. et al.**, Civil Case No. 08-cv-01447-REB-KLM. There, I held that the defendants had not established that any one individual plaintiff's claims satisfied the minimum amount in controversy necessary to support federal diversity jurisdiction by reference to the Civil Cover Sheet. (***See* Order Granting Plaintiffs' Motion To Remand** at 2-5 [#26], filed October 3, 2008.) Defendants here rely on the same arguments as were advanced in **Hill** to support the claim that the jurisdictional minimum is met. Those arguments are no more convincing here than they were in that case. For the reasons more fully expatiated in **Hill**, therefore, I find and conclude that plaintiffs' motion to remand must be granted.

However, I deny plaintiffs' motion for sanctions pursuant to Rule 11. A motion pursuant to Rule 11 "must be made separately from any other motion." **FED.R.CIV.P.** 11(c)(2). Plaintiffs' motion fails on that basis alone. Moreover, the rule expressly provides that the opposing party must be given at least 21 days in which to withdraw or correct the allegedly sanctionable paper. *Id.* There is no evidence that this safe harbor was afforded defendants here, and, indeed, it appears from the certificate of service that it was not.[1] For these same reasons, defendants' purported cross-motion for sanctions is denied.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Motion To Remand to State Court and Motion for Sanctions Including Costs and Attorney Fees Pursuant to F.R.C.P. 11 for Groundless Removal to Federal District Court** [#14], filed April 15, 2008, is **GRANTED IN PART** and **DENIED IN PART**:

    a. That the motion is **GRANTED** insofar as it seeks remand to the state district court; and

    b. That in all other respects, the motion is **DENIED**;

2. That defendants' purported cross-motion for sanctions under Fed.R.Civ.P. 11, contained in **Defendants American Family Mutual Insurance Company, Jodi**

---

[1] Moreover, attorney fees would not be appropriate pursuant to 28 U.S.C. § 1447(c) either, given the admittedly unsettled state of the law on this issue. ***See Martin v. Franklin Capital Corp.***, 393 F.3d 1143, 1146-47 (10th Cir. 2004), ***aff'd***, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

[2] In addition, defendants' motion violates the local rules of this district, which rules provide that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." **D.C.COLO.LCivR** 7.1C.

Sarntee Agency, Inc. and Jodi Sarntee's Response to Plaintiffs' Motion To Remand and Motion for Sanctions, and These Defendants' Cross-Motion for Sanctions Under Fed.R.Civ.P. 11** [#23], filed May 5, 2008, is **DENIED**;

3. That **Defendants Jodi Sarntee Agency, Inc. and Jodi Sarntee's Motion To Dismiss Under Fed.R.Civ.P. 12(b)(6), and Brief in Support** [#16], filed April 15, 2008, is **DENIED AS MOOT**;

4. That **Defendant Ullrich Atzbach's Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)** [#31], filed May 29, 2008, is **DENIED AS MOOT**;

5. That **Defendant Ullrich Atzbach's Motion To Strike Plaintiffs' References to Matters Outside the Pleadings** [#44], filed July 3, 2008, is **DENIED AS MOOT**;

6. That the Trial Preparation Conference, currently scheduled for June 26, 2009, at 10:00 a.m., as well as the trial, currently scheduled to commence on July 20, 2009, are **VACATED**; and

7. That this case is **REMANDED** to the District Court, Las Animas County, Colorado (where it was originally filed as Case No. 2008CV31, Division D).

Dated October 7, 2008, at Denver, Colorado.

                                                **BY THE COURT:**

                                                s/ Robert E. Blackburn
                                                **Robert E. Blackburn**
                                                **United States District Judge**